183 So.2d 281 (1966)
John HUGHES, Appellant,
v.
Norman BIE, Appellee.
No. 4702.
District Court of Appeal of Florida. Second District.
February 23, 1966.
*282 H.H. Baskin, Jr., of Cooper, Rives & Baskin and William P. O'Malley, Clearwater, for appellant.
J.A. McClain, Jr., of McClain, Thompson & Turbiville, Tampa, for appellee.
DURDEN, WILLIAM L., Associate Judge.
This is an action brought under the provisions of the Florida Uniform Sale of Securities Law, Chapter 517, Florida Statutes, F.S.A.
The plaintiff-appellant is John Hughes. The defendants below were Norman Bie, Jr., Marc Robinson, Jr. and Marcal, Inc., a Florida corporation. The defendant Robinson was granted a motion for a directed verdict at the close of the plaintiff's case and no appeal was taken from that action. A default, a jury verdict and a judgment for the full amount of plaintiff's loss were entered against the apparently defunct corporation and no appeal was taken from that action. A jury verdict and judgment were entered in favor of the defendant, Bie, and it is from this action that this appeal is taken.
The case was submitted to the jury on a very narrow issue and it is the conclusion of this Court that the plaintiff fairly had his day in the trial court but some recitation of the facts which the jury found favorable to Bie, and the law applicable thereto, will perhaps demonstrate why such determination is required.
Hughes had received an inheritance from which the funds ultimately used to purchase the securities was obtained. At the time he was engaged to and later married Fay White (Hughes). Mr. Hughes and Mrs. White became interested and purchased a home from the corporate defendant, Marcal. The defendant Robinson was a director and president of Marcal. The defendant Bie was a director and secretary as well as attorney for the corporation. The defendant, Robinson, was courting and later married the daughter of Fay White (Hughes).
From these relationships the actions and transactions upon which this suit is based were taken. As a result of negotiations in which Bie undoubtedly participated Hughes purchased from the corporation eight debenture *283 bonds in the amount of ten thousand dollars each. They were all dated and issued April 27, 1959. The court held as a matter of law and instructed the jury that such bonds were not exempt under the securities act and that their sale was unlawful and illegal since they were not registered as required by that law. The court further held and instructed the jury that the institution of the suit complied with the statutory requirement that a purchaser tender such securities to the seller with a demand that it take them back and make a refund.
At this point the period of limitation prescribed in the statute comes into play. Section 517.21 provides "that no action shall be brought for the recovery of the purchase price after two years from the date of such sale." The suit was not instituted until May 18, 1961, which is more than two years from April 27, 1959. If matters had stopped here the defendant, Bie, would have been entitled to a directed verdict on that defense.
There are attached to those bonds however, extension agreements dated June 15, 1959, and if that date be the one from which limitations start to run the suit was timely filed.
There is very little, if any, direct evidence that Bie participated in the negotiations resulting in the execution of the extention agreements. As attorney for the corporation he prepared and attended to the execution of such documents. It is clear, however, that a corporate attorney must do more than prepare legal documents and attend to their execution to render himself responsible under the securities act.
It was the theory of the plaintiff that the negotiations for the sale of the bonds (consummated on April 27, 1959) and the negotiations for the extension (dated June 15, 1959) constituted one continuous transaction and that therefore the later date would determine the question of limitations.
As stated the direct evidence against Bie was thin on this point. The trial judge properly presented this issue to the jury. The instruction of the trial judge on that issue was simple, clear and precise. He stated:
"Members of the jury, the Court instructs you that this suit was not brought within two years from April 27, 1959, and that the Statute of Limitations will bar all recoveries against the Defendant, Norman Bie, Jr., unless you find from a preponderance of the evidence in this cause, that the extension agreement was in fact made at a point of time so close to the original transaction or in such a manner as to constitute one continuous transaction. Unless one of those two is your finding, you will find for the defendant, Norman Bie, Jr. That is the main issue of fact you are to determine, the time of making of the sale. If you find the sale was complete as of April 27, 1959, then this suit was not brought within the two year period. But, if you find there was a continuing transaction until the extension agreement of June 15, 1959, then this suit was brought within the two year period as the suit was actually filed May 18, 1961."
At the time of the submission of the case to the jury only Bie remained as an active defendant. Obviously therefore the question of fact to be determined was the participation of Bie in the negotiations for the extension. The jury found in favor of Bie on that question.
This is clearly emphasized by the fact that the jury returned for instructions and asked this question:
"Juror No. 4  We have agreed on the statute of limitation. What do we do?"
The evidence supports such a conclusion and should not be disturbed by the Court.
The appellant raises the question of whether or not the extension agreements constituted a separate and distinct transaction *284 and should have been submitted to the jury. The record does not support appellant's contention that written charges on that issue were requested and this alone justifies and requires affirmance on that point.
Even if such charges had been requested it would appear that the question of fact on the negotiations for the extensions were submitted and determined adversely to appellant. And if it were determined, as the jury obviously did determine, that Bie did not responsibly engage in those negotiations, then he could not be liable under the claimed separate transaction theory.
That theory was not pleaded, it is not clear that instructions were requested on the point and the factual situation inherently involved was determined adversely to the appellant.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.